## TAUGER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 29, 1907.)

1. EVIDENCE—FAILURE TO CALL WITNESSES—ADVERSE INFERENCE.

Where, in an action against a street railway for injuries to a passenger resulting from the car starting while he was alighting, it did not appear that plaintiff's wife, who accompanied him, was in a position to see, or did see, the accident, or that she was living at the time of the trial, no adverse inference could be drawn against plaintiff by reason of his failure to call his wife as a witness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 97.]

2. CARRIERS—PERSONAL INJURIES—PASSENGER ALIGHTING FROM CAR—SUFFICIENCY OF EVIDENCE.

In an action against a street railway for injuries received by plaintiff through the starting of the car while he was alighting therefrom, evidence examined, and held sufficient to sustain a judgment for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1314.]

Gildersleeve, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Bernath Tauger against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

James L. Quackenbush (William E. Weaver, of counsel), for appellant.

Henry Waldman, for respondent.

SEABURY, J. The accident happened while the plaintiff was in the act of alighting from one of the cars of the defendant. The question disputed upon the trial was whether the car was in motion when the plaintiff started to get off, or whether it was started by the defendant while the plaintiff was in the act of getting off. This issue the jury determined in favor of the plaintiff, and the justice before whom the action was tried refused to set aside the verdict. As I read the testimony, it is not at all improbable, but is a plain statement as to how the accident occurred. Wherein is the inherent improbability in the statement that the car had been stopped and was started while the plaintiff was in the act of alighting? Certainly the statement is not less worthy of belief than that of the motorman, who, five months after the accident, remembered the signal which had been given him to stop the car at the next crossing. The plaintiff's testimony is more probable and satisfactory than that of Ohayon, the only witness called by the defendant who was not in its employ. Ohayon testified:

"I was standing two seats from the rear, facing with my back toward the west, the arm over the back of the seat smoking, and noticed somebody strike my arm, and I saw plaintiff here. He walked right off the car. He could hardly— The' foot hardly touched the running board, and he fell somehow. Q. Was the car going then? A. Yes."

It is true that the plaintiff did not call his wife as a witness, but it does not appear that she was in a position to see, or that she did see, the accident, or even that she was living at the time of the trial. In this state of the evidence, no adverse inference should be drawn against the plaintiff because she was not called as a witness.

The testimony of the motorman, who did not see the accident, and of the conductor and Ohayon, is not of such a convincing character as to make me feel justified in declaring that the determination of the jury and the justice who tried the case should be set aside. The opportunities of the jury and the trial justice for weighing the testimony of the witnesses is superior to that enjoyed by the justices of this court, who are limited to reading the typewritten record. There is no suggestion that this verdict is the result of bias, prejudice, or passion, or that it resulted from any cause other than an honest conviction based on the testimony. Unless the opinions of the justices of appellate courts as to the weight of evidence are to be substituted for that of the jury, I see no reason for reversing this judgment.

The judgment should be affirmed, with costs.

BRADY, J., concurs.

GILDERSLEEVE, P. J. (dissenting). The plaintiff, in company with his wife, boarded one of the defendant's north-bound Madison Avenue cars at Tenth street and Fourth avenue. He says that his own destination was Eighty-Second street, that between Eighty-First and Eighty-Second streets he requested the conductor to stop the car,

that the car came to a stop at the southerly or downtown side of Eighty-Second street, and that he started to alight. He had "one foot on the step and one foot off" when the car started, and he was thrown. The judgment is attacked as against the weight of evidence. Notwithstanding the plaintiff was accompanied by his wife, who, as appears, was so seated that she must have seen the accident, she was not called as a witness; nor was any explanation of her absence given. The plaintiff's case stands upon his own uncorroborated testimony. Moreover, it is pregnant with improbabilities. Plaintiff's version of the accident is contradicted by three witnesses, one of whom is entirely disinterested. The overwhelming weight of credible testimony shows that the plaintiff got off the car while it was in motion.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.